UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL REED, #310522,

        Petitioner,

                                      CASE NO. 2:10-CV-14729

v.                                  HONORABLE LAWRENCE P. ZATKOFF

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Michael Reed ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that he is entitled to re-sentencing because the state court relied on multiple prior convictions arising from the same incident to sentence him as a fourth habitual offender rather than a second habitual offender.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily

1

dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

## II.    Facts and Procedural History

Petitioner pleaded no contest to operating a motor vehicle while intoxicated, impaired, or under a controlled substance ("OUIL") third offense, MICH. COMP. LAWS § 257.625(6)(d) (2007), in the Oakland County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a term of two to fifteen years imprisonment in 2009. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *See People v. Reed*, No. 295620 (Mich. Ct. App. Jan. 15, 2010) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Reed*, 486 Mich. 996, 783 N.W.2d 114 (2010). Petitioner dated the present habeas petition on November 18, 2010 and it was filed by the Court on November 29, 2010.

## III.   Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged error constitutes a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review is *de novo*.  *See Dorn v. Lafler*, 601 F.3d 439, 443 (6th Cir. 2010); *see also Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).  In any event, the Court finds that Petitioner is not entitled to federal habeas relief under either a deferential or *de novo* standard of review.

## IV. Analysis

Petitioner asserts that he is entitled to habeas relief because the state trial court relied upon multiple prior convictions arising from one criminal transaction to sentence him as a fourth habitual offender rather than a second habitual offender. Specifically, Petitioner alleges that the Michigan Supreme Court's decision in *People v. Gardner*, 482 Mich. 41, 753 N.W.2d 78 (2008), authorizing such a sentence contradicts prior state law and the legislative history of the habitual offender statute,[1] and that his sentence violates double jeopardy and is based upon inaccurate information.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). In this case, Petitioner's sentence is within the statutory limits and is authorized by Michigan law. *See* MICH. COMP. LAWS §§ 257.625(6)(d), 769.12; *People v. Gardner*, 482 Mich. 41, 753 N.W.2d 78 (2008). Consequently, Petitioner's sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner essentially asserts that his fourth habitual offender sentence is improper because

---

[1]In *People v. Stoudemire*, 429 Mich. 262, 414 N.W.2d 693 (1987), the Michigan Supreme Court held that habitual offender status could not be based on multiple convictions arising from a single criminal transaction. *In People v. Preuss*, 436 Mich. 714, 461 N.W.2d 703 (1990), the Michigan Supreme Court retained this rule, but clarified that no particular order is required for the convictions and that habitual offender status can be based upon convictions entered at the same time. In *People v. Gardner*, 482 Mich. 41, 753 N.W.2d 78 (2008), the Michigan Supreme Court overruled *Stoudemire* and *Preuss*, holding that under the plain language of the habitual offender statute, habitual offender status can be based on prior multiple convictions arising from a single criminal episode.

the Michigan Supreme Court erred in *Gardner, supra*, by ruling that convictions for multiple crimes committed in a single criminal transaction count as separate convictions for purpose of determining habitual offender status. To the extent that Petitioner contests the Michigan Supreme Court's interpretation of state law and the sentencing court's application of that law, he is not entitled to habeas relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Petitioner's challenge to the Michigan Supreme Court's decision in *Gardner* interpreting the habitual offender statute is thus not cognizable on federal habeas review. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner is also not entitled to relief on his claim that his fourth habitual offender sentencing enhancement violates the Double Jeopardy Clause. The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same

offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted); *see also Ohio v. Johnson*, 467 U.S. 493, 498-99 (1984). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)). The protection against cumulative punishment confines a court's sentencing discretion to the legislative limits. *Johnson*, 467 U.S. at 499.

It is well-settled, however, that sentencing enhancement provisions do not subject a defendant to multiple punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 728 (1998); *United States v. Pruitt*, 156 F.3d 638, 645-46 (6th Cir. 1998); *Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir. 1996); *United States v. Mack*, 938 F.2d 678, 681 (6th Cir. 1991). In fact, a state may use the same predicate offenses to enhance a defendant's sentence on more than one occasion without violating the Double Jeopardy Clause. *Carpenter*, 72 F.3d at 1272. The United States Supreme Court has explained: "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Monge*, 524 U.S. at 727-28 (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). Simply put, a habitual offender statute does not establish an independent criminal offense. *See Montgomery v. Bordenkircher*, 620 F.2d 127, 129 (6th Cir.1980). "Because the habitual criminal statute defines a status and not a separate offense, the double jeopardy prohibition is inapplicable." *Id*. Petitioner's fourth habitual offender sentence thus does not violate the Double Jeopardy Clause.

Lastly, Petitioner asserts that his sentence is based upon inaccurate information. A sentence

may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He merely asserts that his fourth habitual offender sentence is improper under state law. Petitioner has neither alleged nor established any facts which indicate that the trial court relied upon materially false or inaccurate information, which he had no opportunity to correct, in imposing his sentence. Habeas relief is not warranted.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his habeas petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claim. *Id*. at 336-37. Having done so, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 20, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290